IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEVONTA MILLER,**

    **Plaintiff,**

    v.                                                  CASE NO. 21-3133-SAC

**JOE RUCKER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff DeVonta Miller is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Motion to Appoint Counsel and to Waive Initial Partial Filing Fee (ECF No. 6) filed by Plaintiff also before the Court is denied in part and granted in part.

## I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 5.) Plaintiff, a pretrial detainee, is confined at the Shawnee County Adult Detention Center in Topeka, Kansas ("SCADC").

Plaintiff alleges that from around April 28, 2021 until at least May 27, 2021, he was on suicide watch and was not allowed to go to the outdoor court for exercise. (ECF No. 1, at 2.) Plaintiff alleges that the denial was against the detention center's policies. (*Id*. at 4.) He states he was told that he needed an escort because he was on suicide watch, and Defendant Potter told him he was not going to provide him with an escort officer. (*Id*. at 2, 3.)

1

Plaintiff names as Defendants: Joe Rucker, SCADC Captain; and Joshua Potter, SCADC Lieutenant/Shift Supervisor.  Plaintiff seeks punitive damages in the amount of $10,000 from each defendant.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

Plaintiff alleges that while on suicide watch from approximately April 28, 2021 until at least May 27, 2021, he was not allowed to go to the outdoor recreation court. Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (citations omitted). "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Id*. (citations omitted). The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37. To determine when restrictions pass, as a matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013). "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective." *Id*. (citing *Bell*, 441 U.S. at 538–39).

Plaintiff has not alleged an intent to punish on the part of staff at the SCADC. Plaintiff has not alleged that his restrictions while on suicide watch were done for any reason other than maintaining the detainees' health and security. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to

4

ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

Plaintiff has not stated a claim for relief based on his conditions of confinement. The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). [1]

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food,

---

[1] The court in *Kelley* noted that:

> In *Kingsley v. Hendrickson*, "the Supreme Court held that the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act 'maliciously and sadistically to cause harm,' does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)); *see also Burke*, 935 F.3d at 991 n.9. The "[c]ircuits are split on whether *Kingsley* alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," with the Tenth Circuit not yet having decided the issue. *Vallina*, 757 F. App'x at 646–47 (noting that the Second, Seventh, and Ninth Circuits have found *Kingsley* displaces the prior subjective inquiry for conditions of confinement and inadequate medical care claims, while the Fifth, Eighth, and Eleventh Circuits have held that *Kingsley* applies only to excessive force claims).

*Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at n.74 (D. Kan. Dec. 9, 2019).

clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'" *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019). To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)). However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

Plaintiff has not shown that staff knew of and disregarded an excessive risk to his health and safety. Plaintiff is directed to show good cause why his conditions of confinement claims should not be dismissed.

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

## V. Motion to Appoint Counsel and to Waive Initial Partial Filing Fee (ECF No. 6)

Plaintiff states that he is indigent and asks that the Court waive the initial partial filing fee. He further requests the appointment of an attorney because this is his first lawsuit.

Plaintiff's request to waive the initial partial filing fee is granted, but his request for the appointment of counsel is denied at this time. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*,

54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim.  The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **November 4, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel and to Waive Initial Partial Filing Fee (ECF No. 6) is **denied** as to the appointment of counsel and **granted** as to the waiver of the initial partial filing fee.

**IT IS SO ORDERED**.

**Dated October 4, 2021, in Topeka, Kansas.**

                                              **s/_Sam A. Crow_____**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**