IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEVONTA MILLER,**

    **Plaintiff,**

    v.                                                                   CASE NO. 21-3133-SAC

**JOE RUCKER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 7) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 10) and second motion to appoint counsel (Doc. 11).

In the Complaint, Plaintiff alleges that from around April 28, 2021, until at least May 27, 2021, he was on suicide watch and was not allowed to go to the outdoor court for exercise. (Doc. 1, at 2.) Plaintiff alleges that the denial was against the detention center's policies. (*Id*. at 4.) He states he was told that he needed an escort because he was on suicide watch, and Defendant Potter told him he was not going to provide him with an escort officer. (*Id*. at 2, 3.)

The MOSC found that Plaintiff had not stated a claim for unconstitutional punishment as a pretrial detainee or a claim based on unconstitutional conditions of confinement. Plaintiff did not allege an intent to punish on the part of the defendants. *See Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013). The Complaint contained no indication that the restrictions while on suicide watch were imposed for any reason other than maintaining the detainees' health and security. Furthermore, Plaintiff did not allege that the restriction caused an excessive risk to his

health and safety, and the deprivation of outdoor exercise for approximately a month was sufficiently serious to rise to the level of a constitutional violation. *See Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished).

In his Response, Plaintiff continues to assert that the deprivation of outdoor exercise violates policies or procedures of the jail. In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). A violation of jail policy or even state regulations does not necessarily give rise to a federal cause of action under § 1983. *See, e.g.*, *Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."); *Wilson v. Meeks*, 52 F.3d 1547, 1554 (10th Cir. 1995) ("[V]iolation of a police department regulation is insufficient for liability under section 1983."); *Brooks v. Reynolds*, No. 20-CV-02162-PAB-SKC, 2021 WL 4272718, at *6 (D. Colo. Sept. 21, 2021) ("[E]ven if CDOC did not follow its own library access policy, a defendant's violation of a policy is not, without more, a constitutional violation."). "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution." *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001)(citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). Thus, Plaintiff's allegation that a jail policy was violated states no claim under § 1983.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

3

**IT IS FURTHER ORDERED** that all pending motions are **denied** as moot.

**IT IS SO ORDERED**.

**Dated February 8, 2022, in Topeka, Kansas.**

                                      **s/_Sam A. Crow_____**
                                      **Sam A. Crow**
                                      **U.S. Senior District Judge**